## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| NATURESWEET, LTD., | |
| Plaintiff, | CIVIL ACTION NO.  03-12-CV-1424-G-BD |
| vs. | |
| MASTRONARDI PRODUCE LTD. and MASTRONARDI PRODUCE-USA, INC. | Jury Trial Demanded |
| Defendants. | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

NatureSweet, Ltd. ("NatureSweet" or "Plaintiff") files this Original Complaint against Mastronardi Produce Ltd. and Mastronardi Produce-USA, Inc. (collectively, "Mastronardi" or "Defendant"), and alleges as follows:

## I.    INTRODUCTION

1.    The American system of free enterprise encourages and rewards creativity, innovation, investment and hard work.  That system relies on fair competition, the bounds of which are protected by law and the Courts.

2.    This suit is brought because the Defendant has violated the basic tenets of fair competition by trading on the goodwill that NatureSweet now enjoys among the consuming public for its NATURE SWEET CHERUBS brand tomatoes.  That goodwill exists as a result of NatureSweet's innovation, investment, marketing and hard work over many years.

52067196.4

1

3.      NatureSweet is a creative and innovative company.  It has developed premium tomato products that it markets under creative and distinctive trademarks and packaging.

4.      NatureSweet has made significant investments in the development of its premium products and innovative, distinctive marks and packaging to distinguish its products from those of its competitors.

5.      NatureSweet's innovations have included the creation of its NATURE SWEET CHERUBS brand tomatoes.  NATURE SWEET is the house mark used on all of NatureSweet's products.  The CHERUBS and winged grape tomato design marks are used to identify NatureSweet's product in the grape tomato category.  NatureSweet also uses a distinctive package design for its NATURE SWEET CHERUBS brand tomatoes.

6.      The NATURE SWEET CHERUBS package features a distinctive yellow base and yellow background color for the package label.  The following photographs show the NATURE SWEET CHERUBS marks and the winged grape tomato design marks as currently used on NATURE SWEET CHERUBS brand products.



52067196.4

2

7.    NATURE SWEET CHERUBS brand tomatoes have had remarkable success in the marketplace.

8.    As a result of NatureSweet's success in the marketplace, Defendant has recently begun marketing its grape tomatoes under the mark ANGEL SWEET with a winged grape tomato design mark.  The design of the ANGEL SWEET package mimics the distinctive CHERUBS package and features a yellow-green base and label border.

9.    The following is (1) a photo of Defendant's new product showing use of Defendant's ANGEL SWEET mark, a winged grape tomato design mark, and the ANGEL SWEET package design and (2) an advertisement for the product at the United Fresh trade show in Dallas, Texas:

   

10.    Of all the possibilities, Defendant chose to imitate and trade on the goodwill of NatureSweet's marks in a clear effort to cause confusion with NatureSweet's NATURE SWEET CHERUBS brand tomatoes.  Defendant has intentionally and unfairly attempted to trade on the goodwill of NatureSweet and confuse consumers with these marks.

52067196.4

11.     NatureSweet, its customers and American consumers are being harmed, and will continue to be harmed, by the confusing similarity between the marks used on Defendant's new ANGEL SWEET grape tomatoes and the marks used on NatureSweet's NATURE SWEET CHERUBS brand tomatoes.  The likelihood of confusion caused by Defendant's use of the ANGEL SWEET mark and winged grape tomato design is enhanced by their use on a package design that imitates the CHERUBS package design and its yellow color scheme.

12.     Defendant is also packaging its ANGEL SWEET tomatoes in a package that infringes design patents owned by NatureSweet.

13.     NatureSweet prays that the Court enjoin Defendant from continuing this patent and trademark infringement and Defendant's acts of unfair competition.

## II.     THE PARTIES

14.     NatureSweet is a Texas limited partnership, having its principal office and place of business in San Antonio, Texas.

15.     Mastronardi Produce Ltd. is a Canadian corporation, having its principal place of business at 2100 Road 4 East, Kingsville, Ontario N9Y 2E5, Canada.

16.     Mastronardi Produce-USA, Inc. is a Michigan corporation, having its principal place of business at 28700 Plymoth Road, Livonia, Michigan  48150.

17.     Defendant's tomatoes are available for sale in retail grocery stores throughout Texas and in the Northern District of Texas.

18.     NATURE SWEET CHERUBS brand tomatoes are also available for sale throughout Texas and in retail grocery stores in the Northern District of Texas.

19.     Defendant introduced and widely promoted its new ANGEL SWEET tomatoes to the produce industry at the United Fresh trade show held in Dallas, Texas beginning on May 1, 2012.

## III.    NATURE OF THIS ACTION

20.     NatureSweet repeats the allegations above as if fully set forth herein.

21.     This is an action for trademark infringement, dilution, unfair competition, and unjust enrichment under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* (hereafter, the "Lanham Act"), and under the laws of the State of Texas, and for patent infringement under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

## IV.    JURISDICTION OF THE COURT

22.     NatureSweet repeats the allegations above as if fully set forth herein.

23.     This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, and 1338(a)-(b), and has supplemental jurisdiction under 28 U.S.C § 1367(a) over NatureSweet's claims under Texas law.

24.     This Court has personal jurisdiction over Defendant because Defendant has advertised, promoted, offered for sale and/or sold its infringing products in the State of Texas and in the Northern District of Texas.

25.     This Court also has personal jurisdiction over Defendant because Defendant has substantial or continuous and systematic contacts with the State of Texas.

26.     Defendant regularly conducts business in Texas, including shipping, selling, and distributing its products in Texas.

27.     Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b).

52067196.4

## V.     BACKGROUND

### A.     *NatureSweet and Its Business*

28.     Founded in 1990, NatureSweet pioneered the concept of providing greenhouse grown tomatoes for broad, branded commercial distribution.

29.     NatureSweet made its first investment in greenhouses in 1994 to grow premium tomatoes for commercial distribution.

30.     By growing its tomatoes in its own greenhouses, NatureSweet is able to more accurately control quality, food safety, and environmental factors than those who outsource their growing and harvesting operations.

31.     Furthermore, by growing its tomatoes in its own greenhouses, NatureSweet is able to use less water and fertilizer, and better control the impact of external forces on growing operations, including its ability to control pests, than growers who outsource their growing and harvesting operations.

32.     Since NatureSweet's growing and harvesting are 100% company owned and managed, NatureSweet is able to closely monitor plant growth to choose the prime moment for tomato harvest.

33.     NatureSweet's tomatoes are allowed to reach their peak of sweetness, size, and flavor before they are harvested.

34.     Only the ripest tomatoes are harvested from the vine by NatureSweet, chosen for their color, fragrance, firmness, and weight.

35.     NatureSweet is the only known supplier that gives grocers a guarantee of the brix level for its tomatoes.  The brix level is a measure of sweetness of the tomatoes.

52067196.4

36.     Unlike other producers who contract their tomatoes to be grown and harvested by other growers, NatureSweet's tomatoes are grown by the company and directly managed by company associates. Vine-ripening and other growing methods used by NatureSweet produce exceptional flavor and consistent quality year round.

37.     Once the tomatoes are selected, weighed, and packed, NatureSweet's tomatoes are carefully placed in boxes that contain specific growing and harvesting information for 100% product traceability.

38.     NatureSweet's shipping crates have been specially designed to protect the tomato quality.

39.     As a result of its 100% company owned and managed growing, harvesting, and distribution processes, NatureSweet has been able to produce a truly premium product that is distributed through major food service operations, grocers, and club stores, and enjoyed by consumers throughout the United States.

40.     Today, NatureSweet is the leading grower of premium fresh small tomatoes, which it sells under the NATURE SWEET, CHERUBS, and SUNBURSTS brands.

41.     NatureSweet has also been innovative by developing its branded products, in a category that was previously considered a commodity.

42.     Through NatureSweet's marketing and advertising campaigns, it has created a line of branded products that are sought after and recognized by consumers.

43.     As part of its branding strategy, NatureSweet has developed innovative and creative trademarks to distinguish its products from those of its competitors.   These

include the NATURE SWEET, CHERUBS, SUNBURSTS, and winged grape tomato design marks, among others.

44.     NatureSweet also worked to develop packaging that is itself uniquely associated with NatureSweet.  As a result, NatureSweet's product packaging, including packaging for the CHERUBS brand, now has brand recognition among consumers.

45.     Prior to introduction of NatureSweet's innovative packaging, fresh fruits and vegetables, including fresh tomatoes, were packaged and sold in clam shell containers, similar generic packaging or were sold in bulk.

46.     NatureSweet was the first to develop innovative package designs that are uniquely associated with a single source.

47.     NatureSweet has developed unique, innovative packaging for its NATURE SWEET CHERUBS brand tomatoes registered as a trademark under U.S. Registration No. 3,359,569, issued on December 25, 2007, and for its NATURE SWEET SUNBURSTS brand tomatoes, registered as a trademark under U.S. Registration No. 4,014,700, issued on August 23, 2011.

48.     To this day, NatureSweet stands alone as the only seller of tomatoes with package designs that are themselves recognized by consumers as identifying the source of its goods.

     B.     ***NATURE SWEET CHERUBS Brand Tomatoes***

49.     NatureSweet uses the house mark, NATURE SWEET, for each of its tomato products.

50.     Continuing with its strategy of developing and offering premium, branded tomato products, NatureSweet developed a set of unique trademarks for its grape tomato

product.  These include the brand name CHERUBS, which is unique and arbitrary to the tomato product category.  Before NatureSweet's marketing efforts, there was no prior association of the word CHERUBS with a tomato product.

51.    Following the angelic theme, NatureSweet developed a winged grape tomato design mark that has been prominently displayed on NATURE SWEET CHERUBS brand tomatoes.  NatureSweet's winged grape tomato design mark is creative, unique and fanciful.  NatureSweet's winged grape tomato design mark has helped to develop in the minds of consumers that they can identify NatureSweet's grape tomatoes by these angel-themed trademarks.

52.    NatureSweet made significant investments of time and resources prior to introduction of its CHERUBS and winged grape tomato marks in March 2006.  Since their introduction, NatureSweet has invested very significantly in the marketing of its products under the NATURE SWEET, CHERUBS and winged grape tomato design marks.

53.    Since introduction, NatureSweet has continuously used its NATURE SWEET, CHERUBS and winged grape tomato marks in interstate commerce for its products in the grape tomato category.

54.    Since March 2006, NatureSweet has spent millions of dollars in its advertising and promoting tomatoes using its NATURE SWEET, CHERUBS and winged grape tomato design marks through a variety of means, including television advertising, various types of print advertising, dealer promotions, consumer promotions, the Internet, and in other ways customary to the trade.

55.     As a result of NatureSweet's efforts, consumers have come to identify and recognize the NATURE SWEET, CHERUBS and winged grape tomato design marks as an indicator of the source of NatureSweet's tomato products.

56.     Sales of NATURE SWEET CHERUBS tomatoes have been approximately $150 million in retail sales annually.

57.     NatureSweet's CHERUBS mark is inherently distinctive, serving to identify and indicate the source of NatureSweet's tomatoes to the consuming public, and to distinguish its products from those of others.

58.     Additionally and alternatively, as a result of NatureSweet's extensive usage and promotion of the CHERUBS mark, the CHERUBS mark has become distinctive to designate NatureSweet's tomatoes, to distinguish NatureSweet's products from the products of others, and to distinguish the source or origin of NatureSweet's products.

59.     As a result, the CHERUBS mark has become well-known and widely-recognized by consumers in the State of Texas and throughout the United States to indicate the source of NatureSweet's tomatoes.

60.     Consumers know and respect the CHERUBS mark as a symbol of quality, premium tomatoes.

61.     As a result of NatureSweet's extensive usage and promotion of the CHERUBS mark, NatureSweet has developed valuable goodwill and strong common-law rights in the CHERUBS mark.

62.     The CHERUBS mark is famous.

63.     Pursuant to the Lanham Act, NatureSweet's U.S. Registration No. 3,164,061 for the CHERUBS mark constitutes *prima facie*, evidence of:  (a) the validity

of the registered mark and of the registration of the mark; (b) NatureSweet's ownership of the mark; and (c) NatureSweet's exclusive right to use the registered mark in commerce.  15 U.S.C. §§ 1057(b) and 1115(a).

64.    The registration for the CHERUBS mark is valid, subsisting, and in full force and effect.

65.    In addition, NatureSweet's registration of the CHERUBS mark constitutes constructive notice of NatureSweet's claim of ownership of the registered mark. 15 U.S.C. § 1072.

66.    The NATURE SWEET mark is inherently distinctive, serving to identify and indicate the source of NatureSweet's tomatoes to the consuming public, and to distinguish its products from those of others.

67.    Additionally and alternatively, as a result of NatureSweet's extensive usage and promotion of the NATURE SWEET mark, the NATURE SWEET mark has become distinctive to designate NatureSweet's tomatoes, to distinguish NatureSweet's products from the products of others, and to distinguish the source or origin of NatureSweet's products.

68.    As a result, the NATURE SWEET mark has become well-known and widely-recognized by consumers in the State of Texas and throughout the United States to indicate the source of NatureSweet's tomatoes.

69.    Consumers know and respect the NATURE SWEET mark as a symbol of quality, premium tomatoes.

52067196.4

70.     As a result of NatureSweet's extensive usage and promotion of the NATURE SWEET mark, NatureSweet has developed valuable goodwill and strong common-law rights in the NATURE SWEET mark.

71.     The NATURE SWEET mark is famous.

72.     Pursuant to the Lanham Act, NatureSweet's U.S. Registration No. 2,412,741, registered on December 12, 2000, for the NATURE  SWEET mark constitutes *prima facie*, evidence of:  (a) the validity of the registered mark and of the registration of the mark; (b) NatureSweet's ownership of the mark; and (c) NatureSweet's exclusive right to use the registered mark in commerce.  15 U.S.C. §§ 1057(b) and 1115(a).

73.     The registration for the NATURE SWEET mark is valid, subsisting, and in full force and effect.

74.     In addition, NatureSweet's registration of the NATURE SWEET mark constitutes constructive notice of NatureSweet's claim of ownership of the registered mark.  15 U.S.C. § 1072.

75.     The registration for the NATURE SWEET mark is incontestable.

76.     NatureSweet's winged grape tomato design mark is inherently distinctive, serving to identify and indicate the source of NatureSweet's tomatoes to the consuming public, and to distinguish its products from those of others.

77.     Additionally and alternatively, as a result of NatureSweet's extensive usage and promotion of NatureSweet's winged grape tomato design mark, NatureSweet's winged grape tomato design mark has become distinctive to designate NatureSweet's tomatoes, to distinguish NatureSweet's products from the products of others, and to distinguish the source or origin of NatureSweet's products.

52067196.4

12

78.     As a result, NatureSweet's winged grape tomato design mark has become well-known and widely-recognized by consumers in the State of Texas and throughout the United States to indicate the source of NatureSweet's tomatoes.

79.     Consumers know and respect NatureSweet's winged grape tomato design mark as a symbol of quality, premium tomatoes.

80.     As a result of NatureSweet's extensive usage and promotion of NatureSweet's winged grape tomato design mark, NatureSweet has developed valuable goodwill and strong common-law rights in NatureSweet's winged grape tomato mark.

81.     NatureSweet's winged grape tomato mark is famous.

82.     The registration for NatureSweet's winged grape tomato design mark is valid, subsisting, and in full force and effect.

83.     Pursuant to the Lanham Act, NatureSweet's U.S. Registration No. 3,262,789, registered on July 10, 2007, for its winged grape tomato design mark constitutes *prima facie*, evidence of:  (a) the validity of the registered mark and of the registration of the mark; (b) NatureSweet's ownership of the mark; and (c) NatureSweet's exclusive right to use the registered mark in commerce.   15 U.S.C. §§ 1057(b) and 1115(a).

84.     In addition, NatureSweet's registration of its winged grape tomato design mark constitutes constructive notice of NatureSweet's claim of ownership of the registered mark.  15 U.S.C. § 1072.

C.     ***NatureSweet's Design Patents***

85.     NatureSweet owns a number of United States design patents covering various of its innovative and unique package designs.

86.     NatureSweet also owns the following United States design patents:

(a)     United States Patent No. D628,478, issued on December 7, 2010, a copy of which is attached as Exhibit A;

(b)     United States Patent No. D628,479, issued on December 7, 2010, a copy of which is attached as Exhibit B; and,

(c)      United States Patent No. D640,550,  issued on June 28, 2011,  a copy of which is attached as Exhibit C.

(collectively "the Design Patents").

87.     The package design for Defendant's ANGEL SWEET product infringes one or more of the designs that are protected by U.S. Patents D628,478,  D628,479, and D640,550.

D.     *Defendant's Activities*

88.     Defendant is in the business of growing and distributing fresh fruits and vegetables, including grape tomatoes.

89.     Defendant has recently begun marketing and offering its grape tomatoes for sale under the brand name ANGEL SWEET.

90.     Defendant's ANGEL SWEET tomatoes are being marketed with a winged grape tomato design mark on the package label and in associated advertising.

91.     Defendant's ANGEL SWEET tomatoes are being marketed in a package that mimics the distinctive CHERUBS package and features a yellow-green base and package label border.

92.     Defendant's ANGEL SWEET grape tomatoes are sold in the same or similar channels of trade as NATURE SWEET CHERUBS brand tomatoes.

93.     The grape tomatoes sold by Defendant are grown from a different plant variety than NATURE SWEET CHERUBS brand tomatoes.

94.     Because the Defendant's products are grown and harvested by third parties at certain times of the year, Defendant does not have 100% control of its growing, harvesting, and distribution processes in the same way that NatureSweet has for its NATURE SWEET CHERUBS brand tomatoes.

95.     The grape tomatoes sold by Defendant do not have the same consistent great taste throughout the year as NATURE SWEET CHERUBS brand tomatoes.

96.     The grape tomatoes sold by Defendant do not have the consistency of quality of NATURE SWEET CHERUBS brand tomatoes.

97.     The grape tomatoes sold by Defendant are not of the same premium quality as NATURE SWEET CHERUBS brand tomatoes.

98.     Defendant's ANGEL SWEET tomatoes are grape tomatoes.

99.     Defendant's ANGEL SWEET tomatoes are within the grape tomato category.

100.    Defendant's new ANGEL SWEET brand tomatoes are being sold using marks that are confusingly similar to NatureSweet's NATURE SWEET, CHERUBS and winged grape tomato marks.

101.    The likelihood of confusion caused by Defendant's use of the ANGEL SWEET mark and winged grape tomato design is enhanced by their use by Defendant on a package that imitates the CHERUBS package design and its yellow color scheme.

102.    Defendant's ANGEL SWEET tomatoes will be sold in the same or similar channels of trade as NATURE SWEET CHERUBS  brand tomatoes.

103.    Upon information and belief, Defendant plans to expand distribution of its ANGEL SWEET tomatoes nationally.

104.    Defendant's ANGEL SWEET tomatoes are sold in the same or similar channels of trade as NATURE SWEET CHERUBS brand tomatoes.

105.    The ANGEL SWEET tomatoes sold by Defendant are grown from a different plant variety than NATURE SWEET CHERUBS brand tomatoes.

106.    The ANGEL SWEET tomatoes sold by Defendant do not have the same consistent great taste throughout the year as NATURE SWEET CHERUBS brand tomatoes.

107.    The ANGEL SWEET tomatoes sold by Defendant do not have the consistency of quality of NATURE SWEET CHERUBS brand tomatoes.

108.    The ANGEL SWEET tomatoes sold by Defendant are not of the same premium quality as NATURE SWEET CHERUBS brand tomatoes.

109.    Defendant could have selected from or developed a virtually infinite number of alternative marks for its ANGEL SWEET product which would not be confusingly similar to the NATURE SWEET, CHERUBS and NatureSweet's winged grape tomato marks.

110.    Defendant was aware of NatureSweet's NATURE SWEET, CHERUBS, and winged grape tomato marks before Defendant began marketing its own products with the ANGEL SWEET mark and a winged grape tomato design mark.

111.    Defendant intentionally chose marks for its ANGEL SWEET grape tomato product that are confusingly similar to NatureSweet's NATURE SWEET, CHERUBS and winged grape tomato marks, in an effort to trade on the goodwill of NatureSweet's hugely successful NATURE SWEET CHERUBS brand tomatoes.

112.    Defendant intentionally selected a package design and coloring for its ANGEL SWEET product in an effort to trade on the goodwill developed in the distinctive packaging and coloring of the NATURE SWEET CHERUBS package.

113.    Defendant first introduced the ANGEL SWEET product bearing the ANGEL SWEET mark and Defendant's winged grape tomato design mark in or around April 18, 2012, well after NatureSweet's adoption of NatureSweet's NATURE SWEET, CHERUBS and winged grape tomato marks, and the filing date of NatureSweet's registrations for each of these trademarks.

114.    Defendant's use of the mark ANGEL SWEET, and Defendant's winged grape tomato design mark, began well after NatureSweet's NATURE SWEET, CHERUBS and winged grape tomato marks had acquired secondary meaning.

115.    Defendant's use of the mark ANGEL SWEET, and Defendant's winged grape tomato design mark, began well after NatureSweet's NATURE SWEET, CHERUBS and winged grape tomato marks had acquired fame among consumers.

116.    Defendant was aware of NatureSweet's NATURE SWEET, CHERUBS and winged grape tomato marks before it began use of the ANGEL SWEET mark and Defendant's winged grape tomato design mark.

117.    Defendant was aware of NatureSweet's NATURE SWEET, CHERUBS and winged grape tomato marks before it began advertising, promoting and offering its

ANGEL SWEET product bearing the ANGEL SWEET mark and Defendant's winged grape tomato design mark for sale.

118.    Defendant's commercial use of the ANGEL SWEET mark and Defendant's winged grape tomato design mark is in interstate commerce and is without the permission or authority of NatureSweet.

119.    Defendant's ANGEL SWEET and Defendant's winged grape tomato design marks are a reproduction, copy, or colorable imitation of NatureSweet's NATURE SWEET, CHERUBS and winged grape tomato marks.

120.    Defendant's unauthorized commercial use of the ANGEL SWEET and Defendant's winged grape tomato design marks for grape tomatoes is likely to cause confusion, or to cause mistake, or to deceive consumers and potential consumers of NatureSweet and Defendant as to the affiliation, connection, or association of Defendant with NatureSweet, or as to origin, sponsorship or approval of Defendant's goods, or commercial activities of NatureSweet.  This likelihood of confusion is increased by Defendant's use of those marks on a package that imitates the CHERUBS package design and its yellow color scheme.

121.    Defendant's unauthorized use of the ANGEL SWEET and Defendant's winged grape tomato design marks falsely indicates to the purchasing public that Defendant, its business, and its goods or services originate with NatureSweet, or are affiliated, connected, or associated with NatureSweet, or are sponsored, endorsed, or approved by NatureSweet, or are in some manner related to NatureSweet or its goods and services.  This false indication to the purchasing public is increased by Defendant's use

of those marks on a package that imitates the CHERUBS package design and its yellow color scheme.

122.   Defendant's unauthorized use of the ANGEL SWEET and Defendant's winged grape tomato design marks falsely designates the origin of Defendant's goods, and falsely or misleadingly describes and represents facts with respect to Defendant and its goods.  This false designation is increased by Defendant's use of those marks on a package that imitates the CHERUBS package design and its yellow color scheme.

123.   Defendant's unauthorized use of the ANGEL SWEET and Defendant's winged grape tomato design marks is likely to cause dilution of NatureSweet's NATURE SWEET, CHERUBS and winged grape tomato marks.  This likelihood of dilution is increased by Defendant's use of those marks on a package that imitates the CHERUBS package design and its yellow color scheme.

124.   Defendant's unauthorized use of the ANGEL SWEET and Defendant's winged grape tomato design marks enables Defendant to trade on and receive the benefit and goodwill built up at great labor and expense by NatureSweet, and to gain acceptance for Defendant's goods based on the reputation and goodwill of NatureSweet, its goods, and NatureSweet's NATURE SWEET, CHERUBS and winged grape tomato marks.

125.   Defendant's unauthorized use of the ANGEL SWEET and Defendant's winged grape tomato design marks enables Defendant to palm off its goods on the unsuspecting public as those of NatureSweet.

126.   Defendant's unauthorized use of the ANGEL SWEET mark and Defendant's winged grape tomato design mark removes from NatureSweet the ability to control the nature and quality of goods and services associated by consumers with its

marks, and places the valuable reputation and goodwill of NatureSweet in the hands of Defendant, over whom NatureSweet has no control.

127.    As a result of Defendant's unauthorized use of the ANGEL SWEET mark and Defendant's winged grape tomato design mark, Defendant is being unjustly enriched at the expense of NatureSweet and the public.

128.    Defendant has damaged NatureSweet's goodwill and reputation and is continuing to damage NatureSweet's goodwill and reputation by its illegal acts.  Unless Defendant is restrained by this Court, Defendant will continue to cause irreparable injury to NatureSweet and the public for which there is no adequate remedy at law.

E.    ***Willful Nature of Defendant's Wrongful Acts***

129.    Defendant's acts complained of herein have been deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of NatureSweet's rights.

130.    Defendant's intentional promotion of its products with its copycat marks that are confusingly similar to NatureSweet's NATURE SWEET, CHERUBS and winged grape tomato marks amounts to a fraud on the public.

131.    In view of the egregious nature of Defendant's actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

132.    NatureSweet repeats the allegations above as if fully set forth herein.

52067196.4

133.   The acts of Defendant complained of herein constitute trademark infringement, use in commerce of a reproduction, copy, or colorable imitation of NatureSweet's federally registered marks on or in connection with the sale, offering for sale, distribution, or advertising of goods or services in violation of 15 U.S.C. § 1114(1).

134.   NatureSweet has been damaged by Defendant's acts in violation of 15 U.S.C. § 1114(1).

135.   In view of the nature of Defendant's acts in violation of 15 U.S.C. § 1114(1) complained of herein, and/or Defendant's willfulness and bad faith, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II

## FEDERAL DILUTION

136.   NatureSweet repeats the allegations above as if fully set forth herein.

137.   The acts of Defendant complained of herein constitute dilution by tarnishment of the distinctive quality of NatureSweet's NATURE SWEET, CHERUBS and winged grape tomato marks, in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

138.   The acts of Defendant complained of herein constitute dilution by blurring of the distinctive quality of NatureSweet's NATURE SWEET, CHERUBS and winged grape tomato marks, in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

139.   NatureSweet has been damaged by Defendant's acts of federal trademark dilution.

52067196.4

140.   Defendant acted with willful intent to trade on the recognition of NatureSweet's NATURE SWEET, CHERUBS and winged grape tomato marks.

141.   Defendant acted with willful intent to harm the reputation of NatureSweet's NATURE SWEET, CHERUBS and winged grape tomato marks.

## COUNT III:

## FEDERAL UNFAIR COMPETITION

142.   NatureSweet repeats the allegations above as if fully set forth herein.

143.   The acts of Defendant complained of herein constitute trademark infringement, use in commerce of false designations of origin, false or misleading descriptions or representations of fact on or in connection with goods or services, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

144.   NatureSweet has been damaged by Defendant's acts in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) complained of herein.

145.   The nature of Defendant's acts in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) complained of herein and/or Defendant's willfulness and bad faith, make this an exceptional case under 15 U.S.C. § 1117.

## COUNT IV:

## TRADEMARK AND TRADE NAME
## INFRINGEMENT UNDER THE COMMON LAW OF TEXAS

146.   NatureSweet repeats the allegations above as if fully set forth herein.

147.   The acts of Defendant complained of herein constitute trademark and trade name infringement in violation of the common law of the State of Texas.

52067196.4

148.     NatureSweet has been damaged by Defendant's acts of common law trademark and trade name infringement.

## COUNT V:

## UNFAIR COMPETITION
## UNDER THE COMMON LAW OF TEXAS

149.     NatureSweet repeats the allegations above as if fully set forth herein.

150.     The acts of Defendant complained of herein constitute unfair competition in violation of the common law of the State of Texas.

151.     NatureSweet has been damaged by Defendant's acts of common law unfair competition.

## COUNT VI:

## UNJUST ENRICHMENT

152.     NatureSweet repeats the allegations above as if fully set forth herein.

153.     Defendant has been and continues to be unjustly enriched at the expense of NatureSweet by Defendant's acts complained of herein.

154.     NatureSweet has been damaged by Defendant's acts of unjust enrichment.

## COUNT VII:

## INJURY TO BUSINESS REPUTATION OR TRADE NAME OR
## MARK UNDER TEXAS BUSINESS AND COMMERCE CODE

155.     NatureSweet repeats the allegations above as if fully set forth herein.

156.     The acts complained of above are likely to cause injury to NatureSweet's business reputation and to dilute the distinctive quality of each of the NATURE SWEET, CHERUBS and

52067196.4

23

winged grape tomato marks, and the NatureSweet trade name, in violation of the Texas Anti-Dilution Statute, Tex. Bus. & Com. Code § 16.29.

157.    NatureSweet has been damaged by Defendant's acts of injury to business reputation and dilution in violation of the Texas Anti-Dilution statute.

## COUNT VIII:

## DESIGN PATENT INFRINGEMENT

158.    NatureSweet repeats the allegations above as if fully set forth herein.

159.    NatureSweet owns United States Patents D628,478,   D628,479, and D640,550.

160.    Without a license, Defendant has applied one or more of the patented designs of United States Patents D628,478,   D628,479, and D640,550, or colorable imitations thereof, to its ANGEL SWEET package for the purpose of sale.

161.    In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the package design for Defendant's ANGEL SWEET product substantially resembles one or more designs covered by United States Patents D628,478,   D628,479, and D640,550.

162.    Accordingly, Defendant's manufacture, use, sale and offer to sell the package design for Defendant's ANGEL SWEET product infringes one or more of the designs that are protected by U.S. Patents D628,478,   D628,479, and D640,550 under 35 U.S.C. §271(a).

163.    NatureSweet is entitled to damages under 35 U.S.C. §§ 284 and 289 for Defendant's infringement of the Design Patents.

164.    NatureSweet has no adequate remedy at law for Defendant's infringement and will be irreparably harmed if Defendant is not enjoined from infringing United States Patents D628,478,  D628,479, and D640,550.

## JURY DEMAND

NatureSweet demands a jury trial in accordance with FED.R.CIV.P. 38(b).

## PRAYER

WHEREFORE, NatureSweet requests entry of judgment against Defendant as follows:

1.    That Defendant, its affiliates, subsidiaries, related companies, and all those acting in concert or participation with them be preliminarily and permanently enjoined and restrained from:

(a)    using the ANGEL SWEET mark and/or Defendant's winged grape tomato design mark or any other marks that are likely to cause confusion with or are likely to dilute NatureSweet's NATURE SWEET, CHERUBS and/or winged grape tomato marks;

(b)    making, using, selling or offering to sell any package design that infringes United States Patents D628,478,  D628,479, and D640,550, or that resembles the patented designs or is a colorable imitation thereof;

(c)    otherwise competing unfairly with NatureSweet in any manner, including, without limitation, (i) unlawfully adopting or infringing upon NatureSweet's NATURE SWEET, CHERUBS and/or winged grape tomato marks; (ii) adopting or using any other packaging

design that is likely to cause confusion with NatureSweet's NATURE SWEET, CHERUBS and/or winged grape tomato marks or that infringes United States Patents D628,478,  D628,479, and/or D640,550.; and/or (iii) adopting or using any package design that is likely to dilute the distinctive quality of NatureSweet's NATURE SWEET, CHERUBS and/or winged grape tomato marks;

(d)   committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe or likely to dilute NatureSweet's NATURE SWEET, CHERUBS and/or winged grape tomato marks, or to confuse, mislead, or deceive consumers as to the affiliation, connection, or association of Defendant with NatureSweet or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by NatureSweet; and

(e)   conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a), (b) and (c) above;

2.     That, Defendant, its affiliates, subsidiaries, related companies, and all those acting in concert or participation be ordered to:

(a)   remove from all websites any depiction of references to the ANGEL SWEET mark and/or Defendant's winged grape tomato design mark;

(b)     remove from all websites any depiction of the infringing package design;

(c)     recall and destroy and provide proof to the Court of recall and destruction (or recall and deliver to the Court for destruction) all packaging consisting of the ANGEL SWEET mark and/or Defendant's winged grape tomato design mark and/or any design that infringes the Design Patents; and

(d)     destroy and provide proof of destruction to the Court (or deliver to the Court for destruction) any and all advertising or promotional or other materials pertaining to the ANGEL SWEET mark and/or Defendant's winged grape tomato design mark and all product bearing the ANGEL SWEET mark and/or Defendant's winged grape tomato design mark, regardless of the medium on which such advertising, promotional, or other materials are contained;

3.     That Defendant be required to file with this Court and to serve upon NatureSweet within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant complied with the injunction;

4.     That Defendant be required to account for, and turn over to NatureSweet, all profits realized as a result of its infringement and other unlawful acts, such award of profits to be increased as the Court finds just under the circumstances of this case;

5.     That NatureSweet be awarded its actual damages and that said damages be trebled;

52067196.4

27

6.      That NatureSweet be awarded its damages for infringement of its design patents, in no event less than a reasonable royalty, and for all such other damages, including Defendants profits, as authorized under 35 U.S.C. §§ 284 and 289.

7.      That NatureSweet be awarded its attorney's fees pursuant to 15 U.S.C. § 1117(a),  35 U.S.C. §285, or other applicable law;

8.      That NatureSweet be awarded its costs of this action, and prejudgment and post-judgment interest;

9.      That NatureSweet be awarded exemplary damages; and

10.     That NatureSweet be granted such other and further relief, at law or in equity, as the Court may deem just and proper.

**DATED THIS** 22nd day of May, 2012.

Respectfully submitted,

**/s/** Jeff Richardson

J. Jeffery Richardson
jrichardson@fulbright.com
Texas Bar No. 16864450

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: 214-855-8000
Facsimile: 214-855-8200

**COUNSEL FOR PLAINTIFF NATURESWEET, LTD.**

52067196.4