## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **NATURESWEET, LTD.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | **Civil Action No.: 3:12-CV-1424-G** |
| **MASTRONARDI PRODUCE, LTD, and** | § | |
| **MASTRONARDI PRODUCE-USA, INC.,** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

---

## DEFENDANTS' ORIGINAL ANSWER

---

Defendants Mastronardi Produce, Ltd. and Mastronardi Produce-USA, Inc. (collectively, "Defendants") hereby file their Original Answer to NatureSweet, Ltd.'s First Amended Complaint, filed on May 22, 12, as follows:

### I.
### INTRODUCTION

1.      Paragraph 1 of the First Amended Complaint does not contain statements of fact that require an admission or denial in accordance with the Federal Rules of Civil Procedure; otherwise denied.

2.      Defendants deny the allegations contained in paragraph 2 of the First Amended Complaint.

3.      Defendants deny the allegations contained in paragraph 3 of the First Amended Complaint.

4.      Defendants deny the allegations contained in paragraph 4 of the First Amended Complaint.

5.      Defendants deny the allegations contained in paragraph 5 of the First Amended Complaint.

6.      Defendants deny the allegations contained in paragraph 6 of the First Amended Complaint.

7.      Defendants deny the allegations contained in paragraph 7 of the First Amended Complaint.

8.      Defendants deny the allegations contained in paragraph 8 of the First Amended Complaint.

9.      Defendants admit that paragraph 9 of the First Amended Complaint contains a photograph of Defendants' Angel Sweet packaging and an advertisement for the product at the United Fresh trade show in Dallas, Texas; otherwise denied.

10.     Defendants deny the allegations contained in paragraph 10 of the First Amended Complaint.

11.     Defendants deny the allegations contained in paragraph 11 of the First Amended Complaint.

12.     Defendants deny the allegations contained in paragraph 12 of the First Amended Complaint.

13.     The allegations contained in paragraph 13 of the First Amended Complaint do not contain a statement of fact that requires an admission or denial; otherwise, Defendants deny that Plaintiff is entitled to any relief.

## II.
## THE PARTIES

14.     Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 14 of the First Amended Complaint.

15.     Defendants admit the allegations contained in paragraph 15 of the First Amended Complaint.

16.     Defendants admit the allegations contained in paragraph 16 of the First Amended Complaint.

17.     Defendants admit that their produce is available for sale throughout Texas and in the Northern District of Texas; otherwise, denied.

18.     Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 18 of the First Amended Complaint.

19.     Defendants incorporate its response to paragraph 9; otherwise, Defendants deny the remaining allegations contained in paragraph 19 of the First Amended Complaint.

## III.
## NATURE OF THIS ACTION

20.     Defendants repeat their admissions and denials above as if fully set forth herein.

21.     The allegations contained in paragraph 21 do not require an admission or denial in accordance with the Federal Rules of Civil Procedure; otherwise, Defendants admit that Plaintiff has sued Defendants pursuant to the statutes identified in Plaintiff's First Amended Complaint.

## IV.
## JURISDICTION OF THIS COURT

22.     Defendants repeat their admission and denials above as if fully set forth herein.

23.     The allegations contained in paragraph 23 of the First Amended Complaint do not require an admission or denial in accordance with the Federal Rules of Civil Procedure; otherwise, Defendants admit this Court has subject matter jurisdiction pursuant to the statutes identified in Plaintiff's First Amended Complaint.

24.     The allegations contained in paragraph 24 of the First Amended Complaint do not require an admission or denial in accordance with the Federal Rules of Civil Procedure; otherwise, Defendants admit this Court has personal jurisdiction over Defendants.

25.     The allegations contained in paragraph 25 of the First Amended Complaint do not require an admission or denial in accordance with the Federal Rules of Civil Procedure; otherwise, Defendants admit this Court has personal jurisdiction over Defendants.

26.     Defendants admit the allegations contained in paragraph 26 of the First Amended Complaint.

27.     The allegations contained in paragraph 27 of the First Amended Complaint do not require an admission or denial in accordance with the Federal Rules of Civil Procedure; otherwise, Defendants admit that venue is proper.

## V.
## BACKGROUND

28.     Defendants deny the allegations contained in paragraph 28 of the First Amended Complaint.

29.     Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 29 of the First Amended Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the First Amended Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the First Amended Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the First Amended Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the First Amended Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of the First Amended Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the First Amended Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the First Amended Complaint.

37.     Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 37 of the First Amended Complaint.

38.     Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 38 of the First Amended Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the First Amended Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the First Amended Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the First Amended Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the First Amended Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the First Amended Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the First Amended Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the First Amended Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the First Amended Complaint.

47.     Defendants admit the NatureSweet holds the trademark registrations alleged in paragraph 47 of the First Amended Complaint; otherwise, Defendants deny the remaining allegations.

48.     Defendants deny the allegations contained in paragraph 48 of the First Amended Complaint.

49.     Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 49 of the First Amended Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the First Amended Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the First Amended Complaint.

52.     Defendants lack sufficient information to admit or deny the allegations contained in paragraph 52 of the First Amended Complaint.

53.     Defendants lack sufficient information to admit or deny the allegations contained in paragraph 53 of the First Amended Complaint.

54.     Defendants lack sufficient information to admit or deny the allegations contained in paragraph 54 of the First Amended Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of the First Amended Complaint.

56.     Defendants lack sufficient information to admit or deny the allegations contained in paragraph 56 of the First Amended Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the First Amended Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the First Amended Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of the First Amended Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the First Amended Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the First Amended Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of the First Amended Complaint.

63.     The allegations contained in paragraph 63 contain statements of law that do not require an admission or denial in accordance with the Federal Rules of Civil Procedure; otherwise, denied.

64.     The allegations contained in paragraph 64 contain statements of law that do not require an admission or denial in accordance with the Federal Rules of Civil Procedure; otherwise, denied.

65.     The allegations contained in paragraph 65 contain statements of law that do not require an admission or denial in accordance with the Federal Rules of Civil Procedure; otherwise, denied.

66.     Defendants deny the allegations contained in paragraph 66 of the First Amended Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of the First Amended Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of the First Amended Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the First Amended Complaint.

70.     Defendants deny the allegations contained in paragraph 70 of the First Amended Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the First Amended Complaint.

72.     The allegations contained in paragraph 72 contain statements of law that do not require an admission or denial in accordance with the Federal Rules of Civil Procedure; otherwise, denied.

73.     The allegations contained in paragraph 73 contain statements of law that do not require an admission or denial in accordance with the Federal Rules of Civil Procedure; otherwise, denied.

74.     The allegations contained in paragraph 74 contain statements of law that do not require an admission or denial in accordance with the Federal Rules of Civil Procedure; otherwise, denied.

75.     The allegations contained in paragraph 75 contain statements of law that do not require an admission or denial in accordance with the Federal Rules of Civil Procedure; otherwise, denied.

76.     Defendants deny the allegations contained in paragraph 76 of the First Amended Complaint.

77.     Defendants deny the allegations contained in paragraph 77 of the First Amended Complaint.

78.     Defendants deny the allegations contained in paragraph 78 of the First Amended Complaint.

79.     Defendants deny the allegations contained in paragraph 79 of the First Amended Complaint.

80.     Defendants deny the allegations contained in paragraph 80 of the First Amended Complaint.

81.     Defendants deny the allegations contained in paragraph 81 of the First Amended Complaint.

82.     The allegations contained in paragraph 82 contain statements of law that do not require an admission or denial in accordance with the Federal Rules of Civil Procedure; otherwise, denied.

83.     The allegations contained in paragraph 83 contain statements of law that do not require an admission or denial in accordance with the Federal Rules of Civil Procedure; otherwise, denied.

84.     The allegations contained in paragraph 84 contain statements of law that do not require an admission or denial in accordance with the Federal Rules of Civil Procedure; otherwise, denied.

85.     Defendants deny the allegations contained in paragraph 85 of the First Amended Complaint.

86.     Defendant lacks sufficient knowledge to admit or deny the allegations contained in paragraph 86 of the First Amended Complaint.

87.     Defendants deny the allegations contained in paragraph 87 of the First Amended Complaint.

88.     Defendants admit the allegations contained in paragraph 88 of the First Amended Complaint.

89.     Defendants admit that Defendants began marketing and offering grape tomatoes for sale under the brand name ANGEL SWEET.

90.     Defendants incorporate their response to paragraph 9 of the First Amended Complaint as if stated fully herein; Defendants further admit that they have published certain non-consumer advertisements with a winged grape tomato design; otherwise Defendants deny the allegations contained in paragraph 90 of the First Amended Complaint.

91.     Defendants deny the allegations contained in paragraph 91 of the First Amended Complaint.

92.     Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 92 of the First Amended Complaint; except Defendants admit, as a general matter, that Defendants' grape tomatoes are sold in the same or similar channels of trade as Plaintiff's grape tomatoes.

93.     Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 93 of the First Amended Complaint.

94.     Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 94 of the First Amended Complaint.

95.     Defendants deny the allegations contained in paragraph 95 of the First Amended Complaint.

96.     Defendants deny the allegations contained in paragraph 96 of the First Amended Complaint.

97.     Defendants deny the allegations contained in paragraph 97 of the First Amended Complaint.

98.     Defendants admit the allegations contained in paragraph 98 of the First Amended Complaint.

99.     Defendants admit the allegations contained in paragraph 99 of the First Amended Complaint.

100.    Defendants deny the allegations contained in paragraph 100 of the First Amended Complaint.

101.    Defendants deny the allegations contained in paragraph 101 of the First Amended Complaint.

102.    Defendants deny the allegations contained in paragraph 102 of the First Amended Complaint.

103.    Defendants admit the allegations contained in paragraph 103 of the First Amended Complaint.

104.    Defendants deny the allegations contained in paragraph 104 of the First Amended Complaint.

105.    Defendants lack sufficient information to admit or deny the allegations contained in paragraph 105 of the First Amended Complaint.

106.    Defendants deny the allegations contained in paragraph 106 of the First Amended Complaint.

107.    Defendants deny the allegations contained in paragraph 107 of the First Amended Complaint.

108.     Defendants deny the allegations contained in paragraph 108 of the First Amended Complaint.

109.     Defendants deny the allegations contained in paragraph 109 of the First Amended Complaint.

110.     Defendants deny the allegations contained in paragraph 110 of the First Amended Complaint.

111.     Defendants deny the allegations contained in paragraph 111 of the First Amended Complaint.

112.     Defendants deny the allegations contained in paragraph 112 of the First Amended Complaint.

113.     Defendants deny the allegations contained in paragraph 113 of the First Amended Complaint.

114.     Defendants deny the allegations contained in paragraph 114 of the First Amended Complaint.

115.     Defendants deny the allegations contained in paragraph 115 of the First Amended Complaint.

116.     Defendants deny the allegations contained in paragraph 116 of the First Amended Complaint.

117.     Defendants deny the allegations contained in paragraph 117 of the First Amended Complaint.

118.     Defendants deny the allegations contained in paragraph 118 of the First Amended Complaint.

119.     Defendants deny the allegations contained in paragraph 119 of the First Amended Complaint.

120.     Defendants deny the allegations contained in paragraph 120 of the First Amended Complaint.

121.    Defendants deny the allegations contained in paragraph 121 of the First Amended Complaint.

122.    Defendants deny the allegations contained in paragraph 122 of the First Amended Complaint.

123.    Defendants deny the allegations contained in paragraph 123 of the First Amended Complaint.

124.    Defendants deny the allegations contained in paragraph 124 of the First Amended Complaint.

125.    Defendants deny the allegations contained in paragraph 125 of the First Amended Complaint.

126.    Defendants deny the allegations contained in paragraph 126 of the First Amended Complaint.

127.    Defendants deny the allegations contained in paragraph 127 of the First Amended Complaint.

128.    Defendants deny the allegations contained in paragraph 128 of the First Amended Complaint.

129.    Defendants deny the allegations contained in paragraph 129 of the First Amended Complaint.

130.    Defendants deny the allegations contained in paragraph 130 of the First Amended Complaint.

131.    Defendants deny the allegations contained in paragraph 131 of the First Amended Complaint.

## COUNT 1
## FEDERAL TRADEMARK INFRINGEMENT

132.    Defendants reincorporate their responses to all of the preceding allegations.

---

**DEFENDANTS' ORIGINAL ANSWER**

133.    Defendants deny the allegations contained in paragraph 133 of the First Amended Complaint.

134.    Defendants deny the allegations contained in paragraph 134 of the First Amended Complaint.

135.    Defendants deny the allegations contained in paragraph 135 of the First Amended Complaint.

## COUNT II
## FEDERAL DILUTION

136.    Defendants reincorporate their responses to all of the preceding allegations.

137.    Defendants deny the allegations contained in paragraph 137 of the First Amended Complaint.

138.    Defendants deny the allegations contained in paragraph 138 of the First Amended Complaint.

139.    Defendants deny the allegations contained in paragraph 140 of the First Amended Complaint.

140.    Defendants deny the allegations contained in paragraph 140 of the First Amended Complaint.

141.    Defendants deny the allegations contained in paragraph 141 of the First Amended Complaint.

## COUNT III
## FEDERAL UNFAIR COMPETITION

142.    Defendants reincorporate their responses to all of the preceding allegations.

143.    Defendants deny the allegations contained in paragraph 143 of the First Amended Complaint.

144.    Defendants deny the allegations contained in paragraph 144 of the First Amended Complaint.

145.    Defendants deny the allegations contained in paragraph 145 of the First Amended Complaint.

## COUNT IV
## INFRINGEMENT UNDER THE COMMON LAW OF TEXAS

146.    Defendants reincorporate their responses to all of the preceding allegations.

147.    Defendants deny the allegations contained in paragraph 147 of the First Amended Complaint.

148.    Defendants deny the allegations contained in paragraph 148 of the First Amended Complaint.

## COUNT V
## UNFAIR COMPETITION
## UNDER THE COMMON LAW OF TEXAS

149.    Defendants reincorporate their responses to all of the preceding allegations.

150.    Defendants deny the allegations contained in paragraph 150 of the First Amended Complaint.

151.    Defendant denies the allegations contained in paragraph 151 of the First Amended Complaint.

## COUNT VI
## UNJUST ENRICHMENT

152.    Defendants reincorporate their responses to all of the preceding allegations.

153.    Defendants deny the allegations contained in paragraph 153 of the First Amended Complaint.

154.    Defendants deny the allegations contained in paragraph 154 of the First Amended Complaint.

## COUNT VII
## INJURY TO BUSINESS REPUTATION OR TRADE NAME OR
## MARK UNDER TEXAS BUSINESS AND COMMERCE CODE

155.    Defendant reincorporates their responses to all of the preceding allegations.

156.    Defendants deny the allegations contained in paragraph 156 of the First Amended Complaint.

157.    Defendants deny the allegations contained in paragraph 157 of the First Amended Complaint.

## COUNT VIII
## DESIGN PATENT INRINGEMENT

158.    Defendants reincorporate their responses to all of the preceding allegations.

159.    Defendants deny the allegations contained in paragraph 159 of the First Amended Complaint.

160.    Defendants deny the allegations contained in paragraph 160 of the First Amended Complaint.

161.    Defendants deny the allegations contained in paragraph 161 of the First Amended Complaint.

162.    Defendants deny the allegations contained in paragraph 162 of the First Amended Complaint.

163.    Defendants deny the allegations contained in paragraph 163 of the First Amended Complaint.

164.    Defendants deny the allegations contained in paragraph 164 of the First Amended Complaint.

## PRAYER

Defendants deny that Plaintiff is entitled to any of the relief prayed for on pages 25-28 of the First Amended Complaint.

---

**DEFENDANTS' ORIGINAL ANSWER**                                              **Page 15**

## AFFIRMATIVE AND OTHER DEFENSES

1.    Defendants have not infringed, and currently do not infringe, directly, indirectly, or in any other way, and is not liable for the infringement, of any claim within any of the patents described above.

2.    The patents described above are invalid because the alleged inventors and/or the invention of the patents described above fail to satisfy one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law thereto, including without limitation in 35 U.S.C. §§ 101, 102, 103, and 112, because the invention lacks patentable subject matter; was used or known by others in this country or was patented and described in a publication before the date of the alleged invention; or was patented or described in a publication or was in public use or sale for more than one year before the date of the patent applications; or was not invented by the named inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not contain a proper written description; or does not disclose the best mode of the invention.

3.    The doctrine of laches bars Plaintiff for obtaining all, or part, of the relief it seeks.

4.    Plaintiff's claim for damages is barred, in whole or in part, by 35 U.S.C. § 286 and 35 U.S.C. § 287 and/or Plaintiff's failure to plead notice thereunder.

5.    Plaintiff is barred from obtaining a finding of willfulness or receiving enhanced damages because it has failed to set forth facts alleging reprehensible culpability on the part of Defendants.

6.    Plaintiff's claim are barred in whole or in part by the doctrine of unclean hands.

7.    Plaintiff's claims are barred in whole or in party by the doctrine of estoppel.

8.    Defendants reserve any and all affirmative defenses available to it under Title 35, U.S.C., or the rules, regulations, and law related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, or otherwise in law or equity, now existing, or later arising, as may be discovered.

## COUNTERCLAIMS

## THE PARTIES

1.      Defendant Mastronardi Produce Ltd. is a Canadian Corporation, having its principal place of business at 2100 Road 4 East, Kingsville, Ontario N9Y 2E5, Canada.

2.      Defendant Mastronardi Produce-USA, Inc. is a Michigan Corporation, having its principal place of business at 28700 Plymoth Road, Livonia, Michigan 48150.

3.      On information and belief based on the allegations asserted in the First Amended Complaint, Plaintiff NatureSweet is a Texas limited partnership, having its principal place of business in San Antonio, Texas.

## JURISDICTION AND VENUE

4.      Defendants counterclaim against Plaintiff pursuant to the patent laws of the United States, Title 35 of the United States Code, and the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2201, and Federal Rule of Civil Procedure 13.

5.      This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

6.      This Court has personal jurisdiction over Plaintiff by virtue, inter alia, of its filing of a complaint against Defendants in this Court.

7.      By virtue of the averments of Plaintiff's complaint in this action and Defendants' Answer thereto, an actual controversy exists between Plaintiff and Defendants as to whether the patents alleged by Plaintiff are invalid and/or not infringed by Defendants.

## FIRST COUNTERCLAIM FOR RELIEF
### (Declaration of Non-Infringement)

8.      Defendants restate and incorporate by reference each of the allegations above.

---

**DEFENDANTS' ORIGINAL ANSWER**                                                                 **Page 17**

9.     Plaintiff claims to be the owner of United States Patents D628,478; D628,479; and D640,550.

10.     Plaintiff in this action alleges infringement of United States Patents D628,478; D628,479; and D640,550.

11.     Defendants are not infringing, have not infringed, and is not liable for any infringement of any valid claims of those patents, and Plaintiff is not entitled to any relief for patent infringement.

12.     Absent a declaration of non-infringement, Plaintiff will continue to assert these patents against Defendants and will in this way cause damage to Defendants.

13.     Defendants seek a declaration that is has not and does not infringe these patents and that they are not otherwise liable as infringers.

## SECOND COUNTERCLAIM FOR RELIEF
### (Declaration of Invalidity)

14.     Defendants restate and incorporate by reference each of the allegations above.

15.     Plaintiff claims to be the owner of United States Patents D628,478; D628,479; and D640,550.

16.     Plaintiff in this action alleges infringement of United States Patents D628,478; D628,479; and D640,550.

17.     The patents described above are invalid because the alleged inventors and/or the invention of the patents described above fail to satisfy one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law thereto, including without limitation in 35 U.S.C. §§ 101, 102, 103, and 112, because the invention lacks patentable subject matter; was used or known by others in this country or was patented and described in a publication before the date of the alleged invention; or was patented or described in a publication or was in public use or sale for more than one year before the date of the patent applications; or was not invented by the named inventors; or was invented by another prior to the date of the

alleged invention; or was obvious in view of the prior art; or is indefinite; or does not contain a proper written description; or does not disclose the best mode of the invention.

18.     Absent a declaration of invalidity of these patents, Plaintiff will continue to assert these patents against Defendants and will in this way cause damage to Defendants.

19.     Defendants seek a declaration that the claims of these patents are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112.

## **PRAYER FOR RELIEF**

20.     WHEREFORE, Defendants pray for judgment with respect to Plaintiff's First Amended Complaint and Defendants' Defenses and Counterclaims as follows:

    a.  that Plaintiff's First Amended Complaint be dismissed with prejudice and that the relief requested by Plaintiff and any relief whatsoever in favor of Plaintiff be denied;

    b.  for entry of judgment declaring that the above patents are not infringed by Defendants and that Defendants are not liable as infringers;

    c.  for entry of judgment declaring that the above patents are invalid;

    d.  that the case be declared exceptional and that Defendants be awarded their attorneys' fees; and

    e.  that Defendants have such other and further relief as the Court shall deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants demand a jury trial on all issues so triable.

---

June 29, 2012                                    Respectfully submitted,


                                                 /s/ Christopher J. Schwegmann
                                                 Christopher J. Schwegmann (TSBN 24051315)
                                                 cschwegmann@lynnllp.com
                                                 **LYNN TILLOTSON, PINKER & COX, L.L.P.**
                                                 2100 Ross Avenue, Suite 2700
                                                 Dallas, Texas  75201
                                                 214-981-3800
                                                 214-981-3839 – Facsimile

                                                 David E. Einstandig (admitted *pro hac vice*)
                                                 deinstandig@thavgross.com
                                                 **THAV GROSS P.C.**
                                                 30150 Telegraph Road, Suite 444
                                                 Bingham Farms, Michigan 48025
                                                 248-645-1700
                                                 248-220-1410 – Facsimile

                                                 **COUNSEL FOR DEFENDANTS**


## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, the foregoing was served on all counsel of record who have consented to electronic service.

                                                 /s/ Christopher J. Schwegmann
                                                 Christopher J. Schwegmann


4839-4069-5567, v.  1

---

**DEFENDANTS' ORIGINAL ANSWER**                                          **Page 20**