UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATURESWEET, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:12-CV-1424-G |
| MASTRONARDI PRODUCE, LTD., ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the defendants' motion for leave to amend their answer and counterclaims (1) to allege additional counterclaims against the plaintiff and (2) to join a third-party defendant (docket entry 30). For the reasons stated below, the motion to amend the answer to add two counterclaims against the plaintiff is granted. The motion to join a third-party defendant and to add counterclaims against that third-party, however, is denied.

### I. BACKGROUND

This is a suit for trademark and patent infringement, relating to the marks and packaging the plaintiff, NatureSweet, Ltd. ("NatureSweet"), and the defendants,

Mastronardi Produce, Ltd., Mastronardi Produce-USA, Inc. (collectively, "Mastronardi") and Worldwide Plastics Company ("Worldwide Plastics"), use to sell grape tomatoes. In its Second Amended Complaint, filed on November 8, 2012, NatureSweet alleged federal law claims for trademark infringement, dilution, unfair competition, and design patent infringement, and state law claims for trademark infringement, unfair competition, unjust enrichment, and injury to business reputation against Mastronardi and Worldwide Plastics. *See* Plaintiff's Second Amended Complaint ("Complaint") ¶¶ 135-167 (docket entry 28).

On June 29, 2012, Mastronardi filed an answer to NatureSweet's first amended complaint, in which it asserted two counterclaims against NatureSweet for (1) a declaration of non-infringement of the design patents at issue and (2) a declaration of the invalidity of these same patents. *See* Defendants' Original Answer ¶¶ 8-19 (docket entry 15). After an initial discovery conference between the parties, Mastronardi served a third-party subpoena on Direct Pack, Inc. ("DPI"), the original inventor and owner of the design patents at issue in this case. The subpoena sought documents and testimony concerning, among other things: (1) DPI's development of the patents that Mastronardi allegedly infringed; (2) the exclusive packaging supply agreement between DPI and Mastronardi; (3) the reasons for, and NatureSweet's involvement with, DPI's decision to terminate this exclusive supply agreement; and (4) DPI's decision to transfer all rights in the patents at issue in this case to

NatureSweet. *See* Exhibit B to Defendants' Motion for Leave ("Motion") (docket entry 30-2). DPI's response to this subpoena revealed information that Mastronardi alleges gives rise to additional counterclaims against both NatureSweet and DPI. *See* Motion at 2-3. The additional counterclaims against NatureSweet are state law claims for unfair competition and tortious interference with a contract. *See* Exhibit A to Motion ¶¶ 26-33 (docket entry 30-1). The claims against DPI are state law claims for breach of contract, promissory estoppel, and civil conspiracy. *Id*. ¶¶ 13-25.

Mastronardi therefore seeks to amend its original answer to add these additional counterclaims against NatureSweet, to join DPI as a third-party defendant, and to add its claims against DPI. *See* Motion at 1.

## II. ANALYSIS

### A. Motion to Join DPI as a Third-Party Defendant

#### 1. *Legal Standards*

Rule 13(h) states that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim."[1] FED. R. CIV. P. 13(h). Because the parties do not argue that Rule 19 applies to DPI's joinder, the court will not treat DPI as a party required to be joined. Rule 20(a)(2) states that "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction,

---

[1] The parties do not dispute that Rule 14, which governs third-party practice, is inapplicable here.

occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2).

2. *Application*

The parties have argued extensively about the application of Rule 20 to Mastronardi's claims against DPI. The court does not find it necessary, however, to determine whether DPI's alleged breach of the supply agreement arises out of the same transaction as NatureSweet's claims for trademark and patent infringement against Mastronardi.

Rule 13(h), as the caption to Rule 13 explicitly states, applies only to "counterclaims" and "crossclaims." The Federal Rules of Civil Procedure do not define these terms, but the language of Rule 13 suggests that the terms are properly applied only to claims that a party makes against an already existing opposing party or coparty. Thus, Rule 13(a)(1) states of compulsory counterclaims that "A pleading must state as a counterclaim any claim that . . . the pleader has against an opposing party." Rule 13(b) states of permissive counterclaims that "A pleading may state as a counterclaim against an opposing party any claim that is not compulsory." Rule 13(g) states of crossclaims that "A pleading may state as a crossclaim any claim by one party against a coparty." All of these references suggest that counterclaims and crossclaims are, as an initial matter, proper only as to existing parties. Then, once a counterclaim or crossclaim is made against an existing party, Rule 13(h) permits

another party to be joined with respect to that claim, if the new party meets the Rule 19 or 20 requirements. The rule does not contemplate a party making a counterclaim or crossclaim solely against a person not currently a party to the litigation and then adding that person as a third-party defendant via Rule 19 or 20.

This interpretation of Rule 13 is implicitly endorsed by Wright and Miller's treatise on federal practice, as well as a number of persuasive opinions in the case law. Wright and Miller explain that

> "Rule 13(h) only authorizes the court to join additional persons in order to adjudicate a counterclaim or crossclaim that already is before the court or one that is being asserted at the same time the addition of a nonparty is sought. This means that a counterclaim or crossclaim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party."

6 C. WRIGHT & A. MILLER, *Federal Practice & Procedure Civ.* § 1435 (3d ed.).

A number of courts have agreed with this reading. See, *e.g.*, *AllTech Communications, LLC v. Brothers*, 601 F. Supp. 2d 1255, 1260 (N.D. Okla. 2008); *Microsoft Corporation v. Ion Technologies Corporation*, 484 F. Supp. 2d 955, 965 (D. Minn. 2007); *Johansen v. United States*, 392 F. Supp. 2d 56, 59 (D. Mass. 2005), *aff'd*, 506 F.3d 65 (1st Cir. 2007).

Even if Mastronardi had argued (which it did not) that Rule 20, standing alone, permits the addition of DPI as a third-party defendant, the argument would not survive the initial hurdle of Rule 20(a)(2)(A). That rule states that defendants

may be joined where "any right to relief is asserted against them jointly, severally, or in the alternative . . . ." FED. R. CIV. P. 20(a)(2)(A).

Mastronardi clearly does not assert relief against NatureSweet and DPI jointly or severally. But it does not even assert relief against these two entities in the alternative. Rather it asserts relief against them separately. Separate relief is requested for (1) DPI's breach of contract, promissory estoppel, and conspiracy; and (2) NatureSweet's tortious interference, unfair competition, and invalid patents. That the relief requested is separate (and not in the alternative) is clear from Mastronardi's prayer for relief in its proposed amended answer, where Mastronardi requests compensatory relief both for its counterclaims against NatureSweet and in addition for its counterclaims against DPI. *See* Exhibit A to Motion ¶ 46.

For these reasons, Mastronardi's motion to join DPI as a third-party defendant in this action and to assert counterclaims against DPI is denied.

### B. Motion to Amend Answer to Add Additional Counterclaims against NatureSweet

As an initial matter, the court notes that the rules are extremely permissive with regard to the joinder of claims. Rule 18 permits "A party asserting a . . . counterclaim . . . [to] join, as independent or alternative claims, as many claims as it has against an opposing party." FED. R. CIV. P. 18. Thus, the only potential obstacles to Mastronardi's joinder of its additional state law claims against

NatureSweet are (1) jurisdiction[2] or (2) Rule 15 governing the amendment of pleadings.

1. FED. R. CIV. P. 15

a. Legal standard

Federal Rule of Civil Procedure 15(a) instructs the court to "freely give leave" to a party to amend its pleading "when justice so requires." FED. R. CIV. P. 15(a)(2). A motion to amend a pleading "should not be denied unless there is a substantial reason to do so." See *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (internal quotations omitted). In determining whether to grant leave to amend, the court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." See *In re Southmark Corporation*, 88 F.3d 311, 314-15 (5th Cir. 1996), *cert. denied*, 519 U.S. 1057 (1997).

b. Application

Mastronardi correctly notes that its amendment is timely, having been sought within the deadlines the court has set to amend pleadings, join parties, and complete discovery. Motion at 3-4. It also argues, and the court agrees, that the amendment was sought in good faith. *Id.* at 4. It has not yet requested an amendment to

---

[2] FED. R. CIV. P. 82 makes clear that "These rules do not extend or limit the jurisdiction of the district courts . . . ."

pleadings, and it appears to have a substantial reason (new discovery received from DPI) to do so at this time. *Id.* The court also agrees with Mastronardi's argument that undue prejudice will not result (see *id.*), as the parties have not yet completed substantial discovery or taken any depositions. Finally, though the parties do not mention it, the court also notes that it is apparent from the proposed amended answer that the amendment would probably not be futile. Mastronardi appears to have stated claims upon which relief can be granted. *See* Exhibit A to Motion ¶¶ 26-33. Rule 15 is thus no bar to Mastronardi's proposed additional counterclaims against NatureSweet.

## 2. *Jurisdiction*

### a. Compulsory or permissive counterclaims

If Mastronardi's proposed counterclaims are compulsory, then the court clearly has jurisdiction over these claims.[3] If, on the other hand, they are permissive, then they must either be supported by an independent grant of jurisdiction or independently meet the test of supplemental jurisdiction.[4]

---

[3] If the counterclaims are compulsory, such that they "arise out of the same transaction or occurrence" as the original claims, then they also are within the "common nucleus of operative fact" that would allow the court to exercise supplemental jurisdiction over them. See, *e.g.*, *Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357, 1359 (5th Cir. 1979).

[4] The old understanding of counterclaims (prior to the enactment of 28 U.S.C. § 1367 in 1990) was that compulsory counterclaims fell within the court's "ancillary jurisdiction," but that permissive counterclaims required an independent

(continued...)

Rule 13(a) provides that a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." FED. R. CIV. P. 13(a). There are four proposed tests of whether claims and counterclaims "arise out of the same transaction or occurrence." They are:

> (1) Whether the issues of fact and law raised by the claim and counterclaim largely are the same;
>
> (2) Whether *res judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule;
>
> (3) Whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and
>
> (4) Whether there is any logical relationship between the claim and the counterclaim.

*Tank Insulation International, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85-86 (5th Cir.), *cert. denied*, 522 U.S. 907 (1997).

---

[4](...continued)
jurisdictional grant. See *Plant*, 598 F.2d at 1359. There does not appear to be universal agreement about the effect of the "supplemental jurisdiction" statute on this old regime, and the Fifth Circuit has not ruled on this question. The Seventh and Second Circuits have held, persuasively in this court's opinion, that it is no longer the case that permissive counterclaims must be supported by independent jurisdiction, as long as they meet the test for supplemental jurisdiction. See *Channell v. Citicorp National Services, Inc.*, 89 F.3d 379, 385 (7th Cir. 1996); *Jones v. Ford Motor Credit Company*, 358 F.3d 205 (2d Cir. 2004). These circuits' holdings imply that the "same case or controversy" language in the supplemental jurisdiction statute is not coextensive with the Rule 13 "same transaction or occurrence" language used to determine whether a counterclaim is compulsory. See *Jones*, 358 F.3d at 213. Thus, in the understanding of these circuits, it is possible for the district court to exercise supplemental jurisdiction over a permissive counterclaim. *Id.*

If even one of these tests is met, the claim will be found to be compulsory. *Id.* at 86.

In this case, the answer to the first three questions is no. With respect to the first test, the issues of fact and law are quite different. The claims NatureSweet has brought are governed by patent and trademark laws, and the facts that will be essential for determining whether infringement has occurred are the facts surrounding Mastronardi's sales of grape tomatoes. The claims of tortious interference and unfair competition Mastronardi proposes to bring are governed by state tort and contract law, and the facts essential to a determination of whether that law has been violated are facts surrounding the formation and termination of the supply agreement. Those facts are, in the main, irrelevant to NatureSweet's claims.

With respect to the second test, it is almost certainly the case that *res judicata* would not bar a subsequent suit on Mastronardi's claim absent the compulsory counterclaim rule. The reasons this is so are the same reasons mentioned above. It is likely that virtually none of the facts or law essential to proving the state law claims Mastronardi wishes to bring will have been conclusively determined in this prior suit for trademark and patent infringement. Those issues are not part of the plaintiff's case-in-chief, and Mastronardi does not raise as a defense to the trademark or patent infringement claims anything that would require conclusive determination of the facts or law supporting its proposed claims.

With respect to the third test, the bodies of evidence that will be introduced to support NatureSweet's claims and Mastronardi's proposed counterclaims are quite different. NatureSweet will introduce evidence of Mastronardi's sales and of the types of packaging and marks that were used in order to generate those sales. Mastronardi, on the other hand, will seek to introduce evidence about the formation and termination of the contract between it and DPI.[5]

The Fifth Circuit has expressed a preference, along with most other courts, for the fourth of these tests, the logical relationship test. See *Plant*, 598 F.2d at 1361. There is a logical relationship where either "the same operative facts serve[] as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.* at 1361, citing *Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Company*, 426 F.2d 709, 715 (5th Cir. 1970).

Using the first of these descriptions of the logical relationship test, there is no logical relationship between the claims and counterclaim. The "operative facts" underlying NatureSweet's infringement claims are the facts surrounding Mastronardi's sales of grape tomatoes. The operative facts underlying Mastronardi's

---

[5] Wright and Miller make clear that, though this test is compelling, even a claim that does not meet it can sometimes be held to be compulsory. See *Federal Practice & Procedure* § 1410.

proposed counterclaims are the circumstances surrounding the termination and assignment of the exclusive supply agreement with DPI.

On the second description of the logical relationship test, there is also no logical relationship. The "aggregate core of facts upon which the claims [of NatureSweet] rest" does not "activate additional rights" in Mastronardi. Mastronardi's allegedly infringing sales of grape tomatoes do not activate additional rights in Mastronardi that would give rise to its contract and tort law-based counterclaims against NatureSweet. The court thus finds that the counterclaims Mastronardi proposes to add to its answer are permissive and not compulsory, within the meaning of FED. R. CIV. P. 13.

        b. Permissive counterclaims: independent jurisdictional grant

Mastronardi did not argue that independent subject matter jurisdiction existed over its proposed additional counterclaims against NatureSweet, though it did make such an argument with respect to its claims against DPI. Because Mastronardi's proposed additional counterclaims against NatureSweet are plainly state -- not federal -- law claims, it cannot be plausibly argued that jurisdictional authority for these claims is lodged in 28 U.S.C. § 1331.

Section 1332 is also unavailing, due to the lack of complete diversity. Complete diversity of citizenship is not present, because both NatureSweet and Worldwide Plastic are citizens of Texas. Mastronardi argued with respect to its

claims against DPI that Worldwide Plastic's citizenship should be disregarded, because those claims ran solely between Mastronardi and DPI.  *See* Reply Memorandum in Support of Defendants' Motion for Leave to Amend ("Reply") at 5-7 (docket entry 40).  It did not repeat this argument with respect to its counterclaims against NatureSweet.  The court, however, would not have accepted the argument, even if Mastronardi made it.  As NatureSweet pointed out, the cases Mastronardi cited in support of its argument only stand for the proposition that a defendant cannot destroy a court's diversity jurisdiction over a plaintiff's original claims by adding a non-diverse third-party defendant.  *See* Plaintiff's Sur-Reply Opposing Mastronardi's Motion for Leave to Join Direct Pack and Add Counterclaims Relating to Direct Pack ("Sur-Reply") at 3 (docket entry 47).  Mastronardi cited no case law directly on point for the proposition that a court can ignore one of the parties' citizenship when determining whether it has independent diversity jurisdiction over a counterclaim.  The court therefore declines to adopt Mastronardi's interpretation of the diversity jurisdiction statute.

 The only other possible ground of jurisdiction over Mastronardi's counterclaims is 28 U.S.C. § 1367.  In an action in which the district court has original jurisdiction (as here), 28 U.S.C. § 1367 confers "supplemental jurisdiction" on the district court over claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under

Article III of the United States Constitution." 28 U.S.C. § 1367(a). In *United Mine Workers v. Gibbs*, the Supreme Court explained that the test of whether claims form part of the "same case or controversy" is whether they spring from a "common nucleus of operative fact."[6] *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). Section 1367(c) gives the court discretion to decline to hear pendent claims if they meet one of four factors outlined in the statute. 28 U.S.C. § 1367(c).

Whether Mastronardi's counterclaims share a "common nucleus of operative fact" with NatureSweet's infringement claims is a close question. In making this inquiry, *Gibbs* teaches that the court should look to whether a claimant would be ordinarily be expected to try all the claims under consideration in a single proceeding. See *Gibbs*, 383 U.S. at 725. Here, if Mastronardi had asserted its declaratory judgment counterclaims of non-infringement and invalidity of a patent in a separate proceeding, one can imagine that it would also be expected to press its claims of

---

[6] Though many courts treat it as obvious, it is an open question whether the *Gibbs* "common nucleus of operative fact" test (articulated in 1967) ought to be used to interpret the "same case or controversy" language in § 1367 (enacted in 1990). The Seventh Circuit, for example, has construed § 1367's "case or controversy" language without reference to the *Gibbs* test. See *Channell*, 89 F.3d at 385-86. On the one hand, the statute's legislative history evinces congressional intent to write the *Gibbs* test into federal law. *See* Graham M. Beck, "Supplemental Jurisdiction Over Permissive Counterclaims in Light of Exxon v. Allapattah," 41 U.S.F. L. Rev. 45, 46 (2006). On the other hand, courts have noted that the statute's language is plain and that it reaches to the outer limits of the federal courts' jurisdiction, regardless of the language in *Gibbs*. See *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995). The court deems it unnecessary to grapple with this question here, because it finds that Mastronardi's counterclaims satisfy both the "same case or controversy" and the "common nucleus of operative fact" tests.

tortious interference with a contract and unfair competition.  This is especially so because there appears to be a causal relationship between the contract and competition claims and the allegedly infringing sales of grape tomatoes.  Though the legal and factual issues differ, and different evidence will necessarily be presented, the court concludes that there are likely to be gains in judicial efficiency from including all the claims in one proceeding.

The court also notes that since, as Mastronardi has argued, *see* Reply at 4-5, the infringing acts that form the original core of the case flow from DPI's assignment of rights in the patents and designs at issue to NatureSweet, the claims and counterclaims are sufficiently connected to form one "case" for purposes of satisfying 28 U.S.C. § 1367(a).  Compare, *e.g.*, *Jones*, 358 F.3d at 214.  The court concludes, then, that it has supplemental jurisdiction over Mastronardi's counterclaims.  Since none of the § 1367(c) factors apply to Mastronardi's proposed counterclaims against NatureSweet, the court will exercise supplemental jurisdiction over them.

### III. CONCLUSION

For the reasons stated above, Mastronardi's motion to amend its answer to add two counterclaims against NatureSweet is **GRANTED**.  Mastronardi's motion to amend its answer to add DPI as a third-party defendant and to assert counterclaims against it is **DENIED**.

**SO ORDERED**.

February 6, 2013.

_____
**A. JOE FISH**
**Senior United States District Judge**